John Kolb, Appellant, v. National Surety Company, Respondent, Impleaded with Others.

1. Subrogation — Rights of Surety Which Has Paid Judgment Recovered in Tort against Several Joint Tort Feasors and Has Been Subrogated to Rights of the Judgment Creditor Thereunder. Where a surety company, having paid an indebtedness arising upon a judgment recovered in tort against several defendants, for one of whom it was surety upon an appeal from the judgment, has been subrogated, by an order of the court, to all of the rights and securities of the judgment creditor under the judgment, including those arising from a contract by which one of the judgment debtors agreed to pay a certain sum, either before, or upon, the final determination of the action, upon the payment of which the debtor was to be released from liability under the judgment, the surety company is entitled to collect the sum agreed to be paid by such debtor and have execution therefor, since the rule, that a judgment recovered in tort is extinguished by payment and that no tort feasor who has satisfied such judgment can compel any of his joint wrong-doers to contribute, is based upon the principle that a court of equity will refuse to lend its aid to those who have been guilty of illegal conduct, or who do not come before it with clean hands, and, hence, such rule has no application to a surety company which, by a decree of the court, has been subrogated to the rights and remedies of the judgment creditor, and is, in effect, in the position of a purchaser of the judgment.

2. Same — Contract by One of Several Joint Debtors under Judgment in Tort to Pay Part Thereof in Consideration of His Release Therefrom — When Such Joint Debtor Will Not Be Relieved from Contract Because of Similar Contract Made with Other Joint Debtors. Where one of several judgment debtors, against whom a judgment in tort had been recovered, contracted with the judgment creditor, pending an appeal from the judgment, to pay a certain part of the judgment, in any event, in consideration of his release therefrom, such judgment debtor cannot be relieved from the agreement upon the ground that a surety company, which had paid the judgment in full and had been subrogated to the rights of the judgment creditor thereunder, had thereafter released another of the judgment debtors in consideration of the payment by him of his proportionate part of the judgment, where there was in both of such agreements, a reservation of the right to enforce the judgment against the other judgment debtors.

3. Same — When Judgment Debtor Not Entitled to Injunction Restraining Surety from Enforcing His Agreement to Pay Part of the Joint Judgment. Where the surety company, subrogated to the rights

of the judgment creditor under such judgment, has issued an execution against the judgment debtor who agreed to pay a certain sum upon the judgment, in any event, in consideration of his release therefrom, the latter cannot maintain an action in equity to restrain the enforcement by the surety company of the judgment, through the execution, and to compel the discharge of the judgment, since a court of equity will not listen to one seeking to be relieved of his liability under a joint judgment in tort, nor will it assist him, in violation of his express agreement, to escape the liability which he had contracted to pay and thereby recognized as existing under the judgment against him.

*Kolb* v. *Nat. Surety Co.*, 73 App. Div. 619, affirmed.

(Argued June 17, 1903; decided October 13, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 23, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at an Equity Term.

In December, 1897, Frank Smith recovered a judgment against this plaintiff and the defendants, Theodore G. Smith and Stephen W. Adwen, for $1,125.13, in an action to recover damages for wrongful and malicious conduct. Adwen appealed and gave an undertaking, with this respondent, the National Surety Company, as surety. Subsequently, his appeal was dismissed and the judgment was affirmed. This plaintiff, Kolb, and Theodore Smith, defendants in the action, also, appealed and without undertaking; but, pending the appeal, Kolb settled with Frank Smith, the judgment creditor, by an agreement to pay $400, in any and all events; which sum, at the election of Smith, was payable before, or upon, the final determination of the action and, upon payment whereof, he was to be released. The agreement reserved Smith's claim against Adwen, to the extent of, at least, one-third of the judgment. Eventually, all appeals were dismissed; whereupon Smith, the judgment creditor, in September, 1898, in lieu of enforcing his judgment by execution, commenced an action against the surety company to recover the whole

amount of his judgment and in that action had a judgment, in February, 1899, for $1,362.58, damages and costs. Subsequently, upon application of the defendant, the surety company, it was ordered that, upon its payment to Smith of the full amount of his judgment, it should be subrogated to all of his rights under the judgment against Kolb and the other original judgment debtors and to all securities, including his contract with Kolb. Smith complied with the order, assigned his judgments and his contract and received payment in full of what was due him. Thereupon, the surety company, being possessed of Smith's judgment, issued execution to the sheriff directing him to collect from Kolb $400 and from Theodore Smith $648.30. Adwen, the other judgment debtor, had paid the surety company $593.13, upon its agreement not to enforce the judgment further against him. That agreement, also, reserved to the company the right to collect the balance due on the judgment against the other judgment debtors. Theodore Smith was insolvent and the amount named in the execution against him represented the balance remaining unpaid upon the judgment, after deducting the sum of $400, agreed to be paid by Kolb and the sum of $593.13, paid by Adwen. Upon the issuance of the execution, Kolb, at once, commenced this action against the surety company and the others to restrain the enforcement by the surety company of the judgment, through the execution, and to compel the discharge of the judgment. At the Special Term the defendant, the surety company, was held to be entitled to enforce the judgment assigned to it by Frank Smith, and the plaintiff's complaint was dismissed, upon the merits. The judgment entered upon that determination was affirmed by the Appellate Division, in the fourth department, and the plaintiff, Kolb, has appealed to this court.

*Charles Van Voorhis* for appellant. The payment of the judgments in the malicious prosecution action extinguished those judgments, and they could not be kept on foot for any

purpose.   It is settled beyond dispute that contribution cannot be enforced among wrongdoers, and that payment by one extinguishes the judgment as to all.   (*Peck* v. *Ellis*, 2 Johns. Ch. 131; *Miller* v. *Fenton*, 11 Paige, 18; *Wehle* v. *Haviland*, 42 How. Pr. 399; *Andrew* v. *Murray*, 33 Barb. 354; *Plasson* v. *Shelton*, 1 M. & W. 504.)   Adwen could not compel contribution from his joint tort feasors, and the surety company under the doctrine of subrogation could acquire no better right than its principal Adwen had.   (*Stewart* v. *Sonneburg*, 98 U. S. 187.)   If it be conceded that the surety company, as assignee and owner of the judgment in the malicious prosecution action, was subrogated to all the rights of Frank Smith, the plaintiff in that action, when it released the judgment debtor Adwen, it released his joint debtors Kolb and Frank Smith, and extinguished the judgments as to them.   (*Mitchell* v. *Allen*, 25 Hun, 543; *Knickerbocker* v. *Colver*, 8 Cow. 111; *Barret* v. *T. A. R. R. Co.*, 45 N. Y. 635; *De Long* v. *Curtis*, 35 Hun, 94; *Woods* v. *Pangburn*, 75 N. Y. 498.)

*Nathaniel Foote* for respondent.   The surety company, on payment of the judgment recovered against it upon the undertaking, which it signed as surety, was rightfully subrogated to the judgments and contract held by Frank Smith, for the same debt for which the surety company became surety.   (*Bailey* v. *Bussing*, 28 Conn. 455; *Eddy* v. *Traver*, 6 Paige Ch. 521; 2 Beach on Mod. Eq. Juris. 797–821; *Hays* v. *Ward*, 4 Johns. Ch. 123; *Selz* v. *Unna*, 6 Wall. 327.) The agreement made between the surety company and Adwen, set forth in the 6th finding of fact, by which upon payment by Adwen of $593.13, the surety company agreed not to enforce from Adwen the collection of any further sum upon the judgment against him and his associates, without prejudice, however, to the right of the surety company to collect the balance due on the said judgment from the other judgment debtors, did not satisfy the judgment as against Kolb and Theodore G. Smith, as regards the balance unpaid

thereon. (*Irvine* v. *Milbank*, 56 N. Y. 635; *Coonley* v. *Wood*, 36 Hun, 559; *Mitchell* v. *Allen*, 25 Hun, 543.)

GRAY, J.    The appellant argues that, when the surety company paid the judgment recovered by Smith, the effect was the same as though Adwen, for whom it was surety, had paid the judgment against him and his codefendants; that, as a judgment recovered in tort, it was extinguished by the payment and that no right of contribution against this plaintiff, or Theodore Smith, who were joint tort feasors with Adwen, survived, or existed.    The general proposition is true that there is no right of contribution as between wrongdoers, which can be enforced; for a court of equity, which, alone, would have jurisdiction of such an action, will refuse to lend its aid to those who have been guilty of illegal conduct, or who do not come before it with clean hands.    The legal principle, upon which contribution among those jointly indebted rests, is as just when wrongdoers are concerned, as in other cases where it is allowed, and the refusal of a court to entertain an action to compel it is based upon considerations of the nature of the complainant's liability and the association of the parties who incurred it.    That this doctrine of equity would, or should, exclude from relief a surety, who, like this respondent, has been decreed by the court to be entitled to be subrogated to the rights and remedies of the judgment creditor, and is, in effect, in the position of a purchaser from the latter of the judgment, I do not believe.    If there is a precedent, I do not find it, for such extreme application of the doctrine.    In the first place a surety who pays a debt is, by the well-settled law of the land, entitled to stand in the shoes of the creditor, or to be subrogated to all of his rights, remedies and securities, with respect to any fund or lien; not upon any contractual basis, but upon established principles of equity, or, as said by Chancellor KENT in *Cheesebrough* v. *Millard* (1 Johns. Ch. 412), "on mere equity and benevolence."    In the second place the surety in this case does not

come within the reprobation of the court in any aspect; for the principle of equal contribution being a just one, even as between wrongdoers, and the denial of its recognition resting upon especial grounds, which would be peculiar to the complainant in the bill for equitable relief, this surety is not embarrassed by asking for that which the court had, in the Adwen proceeding, accorded to it. It is innocent of any wrongdoing. That it has paid an indebtedness, arising upon a judgment in tort against several, for one of the judgment debtors should not, as a matter of natural justice, deprive it of the right, approved as it is by a decree of the court, to compel the joint debtors to contribute proportionately to the payment of the judgment now its property. The right of subrogation is founded in natural justice and it should be given effect upon purely equitable considerations.

But, if my conclusion in this respect were incorrect, there is the further aspect of this case, that this surety, as against this plaintiff, was seeking to compel payment by him of the proportion of a judgment, which he, by his agreement, had promised to pay in any event and had recognized as a debt. The surety is acting most equitably and whether it be regarded as standing for Adwen, or not, it is demanding, only, that which the agreement of the appellant provided for. Both in that agreement, as in that with Adwen, the reservation of the surety's rights to hold the other debtors prevented a payment upon the judgment by either from operating to discharge it, as against the others equally liable therein. (See *Gilbert* v. *Finch*, 173 N. Y. 455.)

But there is another conclusive objection to the maintenance of this action and that is that this appellant does not commend himself to the equitable consideration of the court. As a joint tort feasor, he is subject to the operation of the rule that a court of equity will not listen to one seeking to be relieved of his liability under a joint judgment in tort. He has no more right to demand equitable intervention in his behalf, than if the judgment creditor had assigned his judgment to some

stranger to the parties and the purchaser was enforcing it as against him as one of the judgment debtors.   How can the appellant come into a court of equity and ask that he be relieved from paying a proportion of the judgment, which he had agreed to pay and which, in fact, is less than what might be exacted from him as his proportion?   His position is highly inequitable; whether he be regarded as one of several joint tort feasors, seeking immunity from contribution; or whether he be regarded as violating his express agreement and as seeking to escape the liability he had recognized as existing under the judgment against him.

I think the judgment appealed from is right and that it should be affirmed, with costs.

PARKER, Ch. J., HAIGHT, VANN, WERNER, JJ. (and CULLEN, J., on last ground), concur; MARTIN, J., absent.

Judgment affirmed.