MYRON D. ROSENTHAL, an Infant, by SIMON S. ROSENSTAMM, His Guardian ad Litem, Plaintiff, Judgment Creditor, *v.* NEW YORK RAILWAYS COMPANY and EMPIRE CARTING COMPANY, Defendant, Judgment Debtor.

(Supreme Court, New York Special Term, November, 1919.)

Judgments — assignment of — rights of surety paying judgment — joint tort feasors — executions — subrogation.

> The surety on the undertaking given by one of two joint tort feasors, on appeal from a judgment against both, having paid the judgment, took an assignment thereof from the general guardian of the infant plaintiff and issued an execution thereon

against the property of the other defendant for the full amount of the judgment and costs. *Held,* that the surety was entitled to be subrogated to plaintiff's rights as against both defendants, and that a motion to have the judgment satisfied and canceled of record and the execution vacated and set aside will be denied.

MOTION for an order directing that judgment for plaintiff be marked satisfied and canceled of record.

Shearman & Sterling, for plaintiff.

James L. Quackenbush, for defendant New York Railways Company.

William Dike Reed, for defendant Empire Carting Company.

Sullivan & Cromwell (Walter G. Wiechmann, of counsel), for National Surety Company.

George W. Olvany, for sheriff.

DELEHANTY, J. The National Surety Company having paid a judgment for which it was liable upon its undertaking on appeal filed by defendant New York Railways Company, took from the general guardian of the infant plaintiff an assignment of the judgment, and thereafter issued execution to the sheriff, who has levied on the property of the defendant Empire Carting Company for the full amount of the judgment and costs. The two defendants were joint tort feasors in the action in which the judgment was rendered. The defendant Empire Carting Company moves for an order directing that the judgment entered in favor of the plaintiff be marked satisfied and canceled of record and that the execution issued on said judgment be vacated and set aside. It is contended that by paying

the judgment the surety discharged the same as to both defendants. This is untenable. In *Townsend* v. *Whitney*, 75 N. Y. 429, the court said: " Where one of two joint debtors, both of whom are principals, pays a joint judgment, the judgment becomes extinguished, whatever may have been the intention of the parties to the transaction; and it is not in their power, by any arrangement between them, to keep the judgment on foot for the benefit of the party making the payment. *Harbeck* v. *Vanderbilt*, 20 N. Y. 395. The remedy of the party thus paying is by an action against his co-debtor for contribution. But a different rule prevails where one of the joint judgment debtors is a surety upon the obligation put into judgment. Under the civil law, a surety paying the joint obligation is entitled not only to be subrogated to all securities which the creditor holds for the payment of the debt; but he is entitled to be substituted, as to the very debt itself, to the creditor, by way of cession or assignment. It treats the transaction between the surety and the creditor, according to the presumed intention of the parties, to be not so much a payment, as a sale of the debt." The fact that the original judgment was one sounding in tort, and that New York Railways Company and Empire Carting Company were joint tort feasors in no way mitigates against the right of the surety company to be subrogated to the plaintiff's rights as against both of these defendants. This precise question was raised in the case of *Smith* v. *National Surety Company*, 28 Misc. Rep. 628; affd., 46 App. Div. 633. This case arose upon a motion by the surety company to compel the plaintiff, upon payment of the judgment by the defendant as surety, to assign the same to it, and also a contract which the plaintiff had taken from one of the joint judgment

debtors.  The surety had given an undertaking on an appeal taken by one of several joint tort feasors from a judgment recovered against all the said joint tort feasors.  The surety was subsequently compelled to pay the amount of the judgment in full, and the court held that the surety was entitled to be subrogated to the plaintiff's rights against each and all of the defendants.  The opinion in this case, which is directly in point on the present question, reads in part as follows: " There can be no question but what the plaintiff is entitled to have his judgment against the defendant as surety paid in full before the surety can compel him to assign the judgment which he holds against the joint debtor, and it is also true that there can be no contribution between joint debtors in actions of tort. The surety in this case, however, is not a joint wrong-doer.  It simply occupies the position of a surety which has obligated itself to pay the joint indebtedness of Adwin, Smith & Kalb, and the question arises whether the surety upon paying that indebtedness in full is entitled to be subrogated to the rights of the creditor against all of the judgment debtors.  The defendant, as surety for Adwin, in paying his indebtedness to the plaintiff, pays the indebtedness of the other joint debtors.  It seems to me that where a surety upon an undertaking given by one of the joint debtors for the payment of the debt is compelled to pay it in full, he is entitled upon equitable principles to be subrogated to all the rights of the creditor against all the joint debtors. *Robinson* v. *Sherman,* 2 Gratt. 178; *Leake* v. *Ferguson,* Id. 419.  Bispham, in his excellent work on the Principles of Equity (§ 336), says: ' This equity of subrogation is one eminently calculated to do exact justice between persons who are bound for the performance of a duty or obligation, and is one therefore

which is much encouraged and protected. This may be seen from the rule which allows a surety to keep alive a judgment for the purpose of obtaining satisfaction out of the principal. Ordinarily the payment of a debt operates as an extinguishment, and a judgment obtained for a debt would necessarily fall with it. To apply the rule to the case of a surety paying the debt would obviously work injustice in many instances, for, coming in as a simple contract creditor, the surety might lose his chance of reimbursement. It has accordingly been held, and must be considered to be a generally received doctrine, that a surety who pays a debt which has been reduced to a judgment is entitled to have the judgment kept alive for his benefit and to enjoy as against the principal debtor exactly the same advantages which could have been claimed by the judgment creditor.' The doctrines or principles of subrogation cannot be more succinctly stated than they are by the authority just quoted.'' The moving party herein also urges that the assignment to the surety company was not in compliance with the order of this court. As we read said order, the guardian was directed to execute whatever papers were necessary to acquit the surety, and hence the assignment in question is valid. In the event, however, that it is insufficient in form, this court, sitting as a court of equity, would be bound upon motion to direct the plaintiff to give a new and sufficient assignment, and in order to avoid circuity of action, it will be held that such assignment is authorized and proper. Furthermore, this is a case where the guardian is empowered to grant the assignment without an express order of the court. *Clare* v. *Mutual Life Ins. Co.,* 201 N. Y. 492, 497. The motion must accordingly be denied.

**Motion denied.**