THE CITY OF WHITE PLAINS, Plaintiff, *v.* SAM ELLIS, UNITED STATES CASUALTY COMPANY and AMERICAN SURETY COMPANY OF NEW YORK, Defendants.

(Supreme Court, Westchester Special Term, August, 1920.)

Judgments — action to recover for personal injuries — appeal — parties — insurance (accident) — nuisance — undertaking — injunctions.

    Where in an action to recover for personal injuries caused by a fall on an icy sidewalk in front of the premises of the

individual defendant, the city was also made a party, the affirmance on appeal of a judgment in favor of plaintiff and docketed against the defendants determines that both participated in the maintenance of the nuisance which caused the accident.

A casualty company, in order to protect itself under a policy issued by it to the individual defendant and to stay execution upon plaintiff's judgment, procured an undertaking on appeal from a surety company. Upon the affirmance of the judgment, the surety company paid the amount of both judgments to the plaintiff in the action and took assignments thereof to itself. In an action brought by the city to determine the equities between the parties and to restrain the collection of the judgments, *held,* that the plaintiff in this action and the individual defendant in the action to recover for personal injuries, were *in pari delicto,* and neither was entitled to recover over or to contribution.

The undertaking on appeal having been given at the request of the casualty company whatever redress said individual defendant had against it did not inure to the benefit of the plaintiff in the present action but was purely personal to said individual defendant and he alone is entitled to the benefit of the policy for which he paid.

The two judgments rendered in the action for personal injuries are valid against the plaintiff in the present action to the extent of one-half of the amount thereof, with interest from the date of entry, and said plaintiff should pay that amount to the defendant surety company but without costs to either party.

ACTION for an injunction.

William R. Condit, for City of White Plains.

Carl Schurz Petrasch, for United States Casualty Company.

Henry C. Willcox, for American Surety Company of New York.

Francis G. Hoyt, for Sam Ellis.

SEEGER, J.  This action was brought to determine the equities between the parties and to restrain the defendant American Surety Company from collecting from the plaintiff the judgments hereinafter referred to.  One Catherine Dolan brought an action against the defendants Sam Ellis and the city of White Plains to recover damages for personal injuries claimed to have been sustained by her by reason of a fall on the ice on the sidewalk in front of the premises owned by the defendant Sam Ellis.  The complaint in said action charges both said defendants with the maintenance of a nuisance by reason of the fact that the defendant Sam Ellis negligently and unlawfully conducted the water from the roof of his building upon the sidewalk by means of a leader pipe and spout and the defendant the city of White Plains permitted him so to do, by reason of which the said water froze upon the sidewalk and created a dangerous nuisance thereon which was the cause of the accident to the said Catherine Dolan.  The said Catherine Dolan recovered judgment in said action against both defendants on January 16, 1917, for $4,659.27.  Both defendants appealed to the Appellate Division, which affirmed the judgment and judgment of affirmance for $113.34 was docketed against both defendants.

It is settled, therefore, that both of the defendants participated in the maintenance of the nuisance which caused the injuries to the said Catherine Dolan.

Ellis was insured against a contingency, such as the one referred to, by a policy of the defendant United States Casualty Company.  In order to protect itself from liability to Ellis and to stay execution of the judgment, the casualty company procured an undertaking on appeal from the defendant American Surety Company.  After the affirmance of the judgment of the trial court, the surety company paid Catherine Dolan

the amount of the two judgments and received assignments thereof, becoming subrogated to her rights. The surety company now holds the judgments and is threatening to enforce them against the plaintiff, the city of White Plains. Upon the trial it was contended on behalf of the defendant Ellis and his insurer that there was a separate liability on the part of the plaintiff, the city of White Plains, which contention was based upon the claim that the gutter in the street was full of snow and ice, causing the channel from the leader under the sidewalk to become clogged and to force the water coming from the roof to back up and overflow the sidewalk, and there was evidence to sustain such contention. It was also shown that the city refused to allow Ellis to connect his leader with the sewer and required the drain to be constructed under the sidewalk, leading the water to the gutter. The trial court, at the request of counsel for the plaintiff, the city of White Plains, charged the jury that they might find a verdict in favor of both defendants or against either or both defendants. The jury having found against both defendants and the Appellate Division having affirmed the judgment against both defendants such proposition must be deemed to have been established. The plaintiff and the defendant Ellis were joint tort feasors. They are *in pari delicto,* neither is entitled to recover over or to contribution. *Larkin Co.* v. *Terminal Warehouse Co.,* 161 App. Div. 262, 268.

This is not an action for contribution. It is an equitable action brought by the plaintiff to escape liability from its participation in the maintenance of the nuisance.

The defendant American Surety Company is not in privity of contract with the defendant Ellis and does not stand in his position. *Kolb* v. *National Surety Co.;*

176 N. Y. 233; *Rosenthal* v. *New York Railways Co.,* 109 Misc. Rep. 210.

The undertaking on appeal executed by the defendant American Surety Company was not given at the request of Ellis, but it was given at the request of the defendant United States Casualty Company to protect said casualty company from a contingent liability to reimburse Ellis in case Ellis was obliged to pay the judgment. Whatever redress Ellis has against the United States Casualty Company does not enure to the benefit of the plaintiff which is not privy thereto, nor subrogated thereto, but is purely personal to Ellis who alone paid for his policy and who alone is entitled to the benefit of it. Should the plaintiff have a cause of action over against Ellis and obtain a judgment against him, it could not proceed against the United States Casualty Company to recover on its policy with Ellis, the condition of the policy being that in no event could Ellis sue the casualty company until he had himself actually paid the judgment.

Plaintiff having invoked equity in this action, equity requires that contribution should be decreed as between plaintiff and the defendants. The two judgments for $4,659.27 and $113.34 are valid judgments against the plaintiff to the extent of one-half the amount thereof, with interest on each such half from respective dates of entry thereof, and the plaintiff should pay such one-half of said judgments with interest as aforesaid to the defendant American Surety Company without costs to either party.

Judgment accordingly.