Marshall, C. J.
 

 On February 8, 1916, a collision occurred between an interurban car of the Wheeling Traction Company and one of the trains of the Pennsylvania Company, as a result of which three passengers on the traction car were seriously injured, to wit, John J. Williams, Charles B. Strahl,
 
 *517
 
 and J. F. Lee Strahl. Each of said passengers brought actions against both railroad companies jointly for damages in the common pleas court of Mahoning county, Ohio, and each of said passengers recovered a judgment against both railroads jointly. The judgments so rendered were not being paid by either of said defendants, and, executions being threatened, the West Penn Railways Company, a Pennsylvania corporation, purchased all of said judgments and had the same property assigned and transferred to it. At the time of said purchase the West Penn Railways Company owned 23,192 shares of the stock of the Wheeling Traction Company, and at a later date purchased 171 additional shares, thereby acquiring all the outstanding stock of the Wheeling Traction Company.
 

 After the purchase of said judgments the West Penn Railways Company brought an action as assignee and transferee of said judgments against the Pennsylvania Company in the court of common pleas of Allen county, Ohio, basing its claims for judgment solely upon the rendition of the former judgments and its present ownership thereof. TK Pennsylvania Company entered its voluntary appearance in that action and filed an answer admitting the rendition of said judgments, and that said judgments were rendered against the Pennsylvania Company and the Wheeling Traction Company jointly, and that said companies were jointly charged with negligence, and that the Pennsylvania Company had always been ready and willing to pay one-half of said joint judgments, but that the Wheeling Traction Company had refused to pay its half thereof. The answer further alleges that
 
 *518
 
 by reason of the ownership by the West Penn Railways Company of a largé amount of stock of the Wheeling Traction Company, and the payment by the West Penn Railways Company to said judgment creditors of the full amount of their respective judgments, the transfer of said judgments to the West Penn Railways Company amounted to a conspiracy whereby it was sought to compel the Pennsylvania Company to pay the entire amount of said judgments. It further alleged • that the purchase of said judgments in the manner
 
 \
 
 aforesaid amounted to a payment and satisfaction ! thereof, and that said pretended payment of said j judgments was in law a fraud upon the Penn-/ sylvania Company. The reply filed by the West Penn Railways Company made denial of those allegations. Upon the trial an agreed statement of facts was submitted, in which certified transcripts of the judgments were admitted, and it was also admitted that “no merger or consolidation of the West Penn Railways Company and the Wheeling Traction Company was ever had, but that each Í have ever since maintained independent organizations .”
 

 In this proceeding the Pennsylvania Company contends against the right of the West Penn Railways Company to acquire the joint judgments rendered against the Wheeling Traction Company and the Pennsylvania Company, and contends that such acquisition amounted to a payment and satisfaction thereof, and further contends that, inasmuch as the three judgments were rendered in an Ohio court, no action can be maintained to recover
 
 *519
 
 another judgment upon such judgments in another Ohio court.
 

 On the first of these propositions it appears from the agreed statement of facts that the West Penn/ Railways Company did not own all of the stock! of the Wheeling Traction Company, and. for this / reason its action in purchasing the judgments Í would not amount to a payment and satisfaction of
 
 \
 
 the judgments, and the further fact that the West / Penn Railways Company acquired the balance of j the stock of the Wheeling Traction Company at a j date subsequent to the purchase of said judgments, ! would not aid in producing that result. We are further of the opinion that, even if the West Penn ( Railways Company had owned all of the stock of j the Wheeling Traction Company at the time of the/purchase of such judgments, it would have made' no difference. It appears from the admitted facts that there never had been any merger, and that separate corporate organizations had always been maintained. This specific admission is fully supported by other detailed admissions in the statement of facts, showing that separate and distinct boards of directors managed the affairs of said corporations, and this court or any other court may not thus collaterally inquire in an independent action into the relations of the two corporations to determine whether such relations were in violation of the corporate laws of the state of the residence of the one or the other. The Wheeling Traction Company, being a corporation organized under West Virginia laws and the West Penn Railways Company being organized under Pennsylvania laws a determination of the corporate status of either of
 
 *520
 
 those companies can only be made in a proper proceeding in the courts of one or the other of those states. In this independent action the presumption obtains that they were separate and distinct corporations and this presumption becomes absolutely conclusive in view of the admissions contained in the statement of facts.
 

 The West Penn Railways Company having purchased the judgments from the owners thereof, and it appearing from the admitted facts that full value was paid therefor, it only remains to inquire whether an action can be maintained in the court of common pleas of Allen county to obtain a judgment in that county by the assignee and transferee of judgments rendered in the court of common pleas of Mahoning county.
 

 The objection urged by counsel for the Pennsylvania Company is that such an action cannot be maintained unless there is some particular reason why such action is necessary. It is on the other hand the contention of the counsel for the West Penn Railways Company that the mere existence of one judgment does not preclude the entry of another judgment, even though the only proof submitted is the record of such former judgment. It is, however, contended that it was necessary to bring the latter suit in order to procure an attachment and garnishment of moneys due to the Pennsylvania Company payable in Allen county. It may be wondered why the West Penn Railways Company did not merely bring proceedings in aid of execution in that county, instead of asking for a new judgment, and it may be wondered, on the other hand, how the Pennsylvania
 
 *521
 
 Company has been prejudiced by the suit for judgment rather than a proceeding in aid of execution. One proceeding would not be materially more or less expensive than the other. Neither would one be materially more or less annoying than the other.
 

 Upon consideration of the statement of facts, the court of common pleas of Allen county reached the conclusion that the West Penn Railways Company was the owner of the judgments rendered in Mahoning county, and, the Pennsylvania Company being in court, and the Wheeling Traction Company not having been served with summons and not being in court, judgment was rendered against the Pennsylvania Company for the full amount of the judgments. The Court of Appeals affirmed that judgment, and this court can find no error in that affirmance.
 

 There being no contribution between joint tortfeasors, and the full amount of the judgment being recoverable against either of the defendants, the assignee of the judgments could proceed against either or both, and the judgment against the Pennsylvania Company is therefore valid, even though the Wheeling Traction Company was never served in the suit in Allen county.
 

 The rights of a judgment creditor or the assignees of a judgment creditor to bring successive suits to recover successive judgments have been determined by this court in the affirmative in several early cases which have been approved in later cases. That proposition has full approval in
 
 Headley
 
 v.
 
 Roby,
 
 6 Ohio St., 521;
 
 Tyler’s Ex’rs.
 
 v.
 
 Winslow,
 
 15 Ohio St., 364;
 
 Moore
 
 v.
 
 Ogden,
 
 35 Ohio St., 430. The principle has been approved in
 
 *522
 

 Boyle
 
 v.
 
 West,
 
 60 Ohio St., 438 (54 N. E., 469), and the principle is discussed at length on page 446 of the opinion.
 

 We are unable to see that any injustice has been done by the rendition of the additional judgment, except in the matter of additional costs. But inasmuch as an answer was filed setting up a defense of fraud and conspiracy which was not sustained by the trial court, the Pennsylvania Company may not justly be heard to complain of the additional costs.
 

 'Section 11628, General Code, gives to the trial court a discretion in the award and taxation of costs according to the equities of the case, and, if it should be made to appear that a judgment creditor is seeking to obtain repeated adjudications and to have one judgment after another entered upon the same cause of action and against the same defendant, it would be the duty of the court in the exercise of its sound discretion to assess the costs of such repeated adjudications against the plaintiff in the action. Under the circumstances of this particular case, however, as narrated in the foregoing facts, it does not appear that the equities of the case required the costs or any part thereof to be taxed against the plaintiff in the court of Allen county. The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias, Bay and Allen, JJ., concur.
 

 Wanamaker, J., not participating.