BECKER ET AL. *v.* GORDON ET AL.

(Decided October 21, 1929.)

*Mr. Julius R. Samuels* and *Mr. Lester G. Hilpp,* for plaintiffs.

*Messrs. Dolle, O'Donnell & Cash* and *Mr. Nelson Schwab,* prosecuting attorney, for defendants.

OPINION ON REHEARING.

HAMILTON, J. The plaintiffs, Hilda H. Becker, Clara W. Becker, John A. Becker, and F. William Becker, seek, by injunction, to prevent the levying of an execution on certain real estate, described in the petition, by the sheriff of Hamilton county, Ohio, and the sale thereof to satisfy a judgment, of which the Royal Indemnity Company claims to be the owner. The levying of execution was instigated by the Royal Indemnity Company, claiming the right by virtue of being the owner of a certain judgment

in a tort action obtained by one John C. Weber against David Gordon and John A. Becker and F. William Becker. Other equitable relief is asked.

The pertinent facts are as follows:

John C. Weber suffered personal injuries, caused by the negligent acts of David Gordon and the Beckers, and secured a joint judgment in the sum of $5,000 against Gordon and the Beckers. At the time the injury was suffered, David Gordon was the holder of a policy of indemnity insurance, issued by the Royal Indemnity Company, in which the Royal Indemnity Company agreed with Gordon that it would indemnify him against loss arising out of any liability not exceeding $10,000 in respect to any one accident, and limiting the liability to $5,000 for injuries to any one person; and further agreed to defend the same on behalf of the insured against all claims or suits for damages, etc., and agreed to pay all costs and expenses, pay the tax, costs, and interest charges, not in excess of the company's limit of indemnity.

After the judgment was made final, the Royal Indemnity Company paid Weber the amount of the judgment under its agreement with Gordon to indemnify him, and took an assignment of the judgment from Weber.

The indemnity company thereupon sought to collect the amount of the judgment from the Beckers and caused execution to issue as above stated.

The question here is: Is the Indemnity Company entitled to collect the judgment from the Beckers by virtue of the assignment?

It is argued here that the payment of the judgment by the indemnity company to Weber was an

extinguishment of a debt for which it was liable, and it obtained no rights under and by virtue of the purported assignment to it by Weber.

A majority of the court are of the opinion that the plaintiffs are entitled to the equitable relief prayed for.

It has been decided in many of the states and more than once by the Supreme Court of Ohio that there can be no contribution between joint tort-feasors. It must therefore be clear that Gordon could not have contribution as against the Beckers. The indemnity company under its contract is bound to indemnify Gordon. It was not a stranger to the obligation. It was bound to defend the suit at its own expense, although in the name of the insured. In paying the judgment it did no more than it was obligated to do. It could therefore have no superior right to Gordon, and Gordon, not being entitled to maintain contribution against the Beckers, the indemnity company may not do so. Its proceeding is nothing more or less than an indirect attempt to obtain contribution between joint tort-feasors.

In support of our conclusion we cite the cases of *Penna. Co.* v. *West Penn Rys. Co.*, 110 Ohio St., 516, 144 N. E., 51., and *Adams* v. *White Bus Line*, 184 Cal., 710, 195 P., 389.

The motion to dismiss the appeal is overruled.

A decree may be presented granting a permanent injunction as prayed for, and a mandatory decree may issue entering satisfaction of the judgment on the records of the court of common pleas of Hamilton county, Ohio; and, further, it is decreed that the title to plaintiff's real estate be quieted.

*Decree accordingly.*

Cushing, P. J., concurs.

Ross, J., dissenting.   This case was heard on appeal from a judgment of the court of common pleas of Hamilton county, Ohio, in favor of the plaintiffs below.

The facts are as follows:

John C. Weber received a joint judgment against David Gordon, John A. Becker, and F. William Becker, in a suit for damages caused by the combined negligence of these defendants.   There is no suggestion in the instant case that such negligence was either of a malicious, or criminal nature, or was a wrong done knowingly or wantonly.

The Royal Indemnity Company had previously issued a policy of insurance to Gordon covering such liability, and had also signed the supersedeas bond of Gordon in his unsuccessful error proceeding to reverse the judgment, after which the indemnity company purchased the judgment from Weber, procured an assignment from him, which was entered of record, and had execution levied thereon.   The Beckers in the meantime transferred their real estate to their wives, the plaintiffs in the instant cause.

A proceeding was then instituted in the court of common pleas against the plaintiffs, seeking to have the property of defendants sold to satisfy the judgment of Weber assigned to the indemnity company. Thereupon, the plaintiffs in this cause filed a suit to enjoin the indemnity company from collecting said judgment, and the sheriff from levying execution thereon, alleging the ownership of the property to be in Hilda H. and Clara W. Becker, the plaintiffs, and the various proceedings hereinbefore referred to; alleging further that the judgment obtained by Weber had been paid by the Royal In-

demnity Company, by reason of its liability on the
insurance to Gordon and the supersedeas bond given
by Gordon, and that the judgment had been fully
paid, and was null and void, although satisfaction
had not been entered of record.

The petition prayed that the indemnity company
and the sheriff be enjoined from enforcing the exe-
cution, and from selling the plaintiff's property, and
from further proceeding in the suit to sell said prop-
erty. There was a further prayer that the court
order that satisfaction of the judgment be made of
record; that the assignment be cancelled; and that
the title to plaintiff's property be quieted.

The indemnity company answered, claiming the
right to proceed by virtue of the assigned judgment
from Weber.

A reply denied all the allegations of the answer
not thereinbefore admitted.

Upon these facts the majority of the court hold
that the plaintiffs are entitled to the relief requested.
In this conclusion, I am unable to concur.

This is an action in equity, in which, among other
things, the plaintiffs seek to enjoin a surety for a
joint tort-feasor judgment debtor from enforcing
said judgment, which had been assigned to the in-
demnity company by the judgment creditor, upon
payment to him, against another tort-feasor judg-
ment debtor.

The sole basis for  asking this intervention of
equitable relief is the tortious relationship between
the judgment debtors, who were joint tort-feasors.

The case is stripped of many features by the ab-
sence of allegation or proof that there was any col-
lusion between the judgment debtor principal and

his surety to collect the judgment for the principal, and the absence of any allegation or proof that the tort involved was one growing out of fraud or the knowing or wanton commission of a wrong. With such cases, we are not concerned. The rule against contribution between joint tort-feasors is limited to cases involving knowing or wanton wrong, malice, or fraud. *Acheson* v. *Miller*, 2 Ohio St., 203, 59 Am. Dec., 663; *Goldman* v. *Mitchell-Fletcher Co.*, 292 Pa., 354, 141 A., 231; *Northern Ohio Ry. Co.* v. *Akron Canal & Hydraulic Co.*, 7 C. C. (N. S.), 69, 77, 78, 18 C. D., 51, affirmed 75 Ohio St., 620, 80 N. E., 1130. See, also, cases cited in Longsdorf's Notes; 13 Corpus Juris, ''Contribution,'' Section 20, page 829.

Although in *Penna. Co.* v. *West Penn Rys. Co.*, 110 Ohio St., 516, 144 N. E., 51, the bald statement is made that there is no contribution between joint tort-feasors, the *Acheson case* is not referred to, and it is presumed the exceptions to the general rule were taken into consideration.

Judge Wanamaker in *Adams Express Co.* v. *Beckwith,* 100 Ohio St., 348, 359, 126 N. E., 300, makes the same general statement, but it can again be presumed that the court was referring to the general rule, and took into consideration the exceptions referred to in the *Acheson case,* which, as far as any direct decision to the contrary is concerned, is still the law of Ohio. Even in jurisdictions where the rule is applied to all tort-feasors, regardless of the nature of the wrong, it is inapplicable to a surety, especially in an action where equitable relief is sought, contribution of itself being of an equitable nature. *Kolb* v. *National Surety Co.,* 176 N. Y., 233,

237, 68 N. E., 247; *City of White Plains* v. *Ellis,* 113 Misc. Rep., 5, 184 N. Y. S., 444.

There being no identity of surety and principal, the surety may enforce the full rights of the original judgment creditor under the judgment assigned to it. *Penna. Co.* v. *West Penn Rys. Co., supra; Harbeck* v. *Vanderbilt,* 20 N. Y., 395, 399; *International Ry. Co.* v. *Pickarski,* 114 Misc. Rep., 349, 186 N. Y. S., 319.

An authority much relied on by the plaintiffs is the case of *Adams* v. *White Bus Line,* 184 Cal., 710, 195 P., 389. An examination of this authority shows that the opinion is predicated upon authorities which, when carefully analyzed, do not support the conclusions of the court. The California court, at the beginning of the opinion, brushes aside the real question presented by this case with the rather startling statement that it can be taken for granted that there is an identity between the principal judgment debtor and the surety, and that payment by the surety is payment by the judgment debtor, although no reason is assigned for such a remarkable conclusion.

This is not a case of contribution between joint tort-feasors, and the rule against contribution has no application. It is a case in equity, in which this harsh rule is sought to be injected without regard to facts. Nor is this a case of subrogation of a surety either to the rights of the judgment creditor or the principal tort-feasor, judgment debtor. It is a case of an assignment of a judgment to a stranger to the judgment, in which equity has been asked to enjoin the enforcing of the assigned judgment, because of a harsh rule which has no application, and in the face

of the fact that contribution is an equitable measure, and permitted even between tort-feasors, when the tort, as in the case here, involves no willful, knowing wrong.

I concur with the majority of the court in its action on the motion to dismiss the appeal.