Gorman, J.
 

 The trial court found from the evidence as a matter of law that the negligence of Roadway Express, Inc., directly and proximately contributed to the damage sustained,- but, in the action by the insurance company to recover from the railroad company the money it paid to the shipper, refused to submit to the jury the issue of contributory negligence.
 

 Both courts below held that since Roadway Express, Inc., was a bailee of the merchandise shipped by The Goodyear Tire & Rubber Company, Inc., the negligence of the bailee would not bar a recovery by the shipper because the doctrine of imputed negligence does not prevail in this state. If the action had been instituted by the shipper or by an insurance company which had issued a policy directly to the shipper, it is clear that the negligence of Roadway Express, Inc., would not defeat the claim.
 

 
 *454
 
 The courts held, however, that under the provisions of Section 9510-4, General Code, The Goodyear Tire & Rubber Company, Inc., was to be considered a beneficiary of the policy issued by the appellee to Roadway Express, Inc., although not named therein, and that payment by the insurance company was payment to a beneficiary of the policy. It was upon this theory that the verdict of the jury was upheld.
 

 Such reasoning loses sight of a fundamental finding by the trial court. Since the court found that the conduct of Roadway Express, Inc., -constituted contributory negligence, the damage done to the merchandise of The Goodyear Tire & Rubber Company, Inc., was caused by the concurrent negligence of the motor carrier and the railroad company. Roadway Express, Inc., and the Pennsylvania Railroad Company were therefore joint tort-feasors'.
 

 Roadway Express, Inc., could not have recovered from the Pennsylvania Railroad Company because of its own negligence which contributed to the damage to the merchandise of the Goodyear company. This fact would bar the insurance company from recovering from the railroad company either upon its assignment of the claim from the Goodyear company, or by reason of the right of subrogation.
 

 Subrogation results by operation of law from the mere fact of payment and does not depend on the voluntary act of the assured. It is nothing more or less than an assignment by operation of law.
 

 The rights of the insurer, however, under subrogation can be no greater than those of the insured, from whom they are derived, and if the insured could not recover from the third person the insurer is likewise barred from recovering for the same reason.
 
 City of New York Ins. Co.
 
 v.
 
 C., B. & Q. Ry. Co.,
 
 159 Iowa, 129, 140 N. W., 373; 2 Berry Automobiles (6 Ed.), 1787, Section 2207.
 

 This proposition becomes clear when an examination
 
 *455
 
 of cases decided in this state is made. We have previously held that there cannot be contribution among joint tort-feasors, and that there cannot be contribution between indemnitors of joint tort-feasors after one of them has paid in full the claim of a third person who was injured by them.
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481;
 
 United States Casualty Co.
 
 v.
 
 Indemnity Ins. Co. of North America,
 
 129 Ohio St., 391, 397, 195 N. E., 850.
 

 In
 
 Royal Indemnity Co.
 
 v.
 
 Becker, supra,
 
 Webber obtained a judgment against a partnership consisting of David G-ordon, John A. Becker and William Becker. The Boyal Indemnity Company, having agreed to save G-ordon harmless, paid the judgment of Webber in full and received an assignment of the judgment claim. The indemnity company by reason of the assignment attempted to enforce contribution froín John A. Becker and William Becker.
 

 In the syllabus this pertinent rule was set forth:
 

 “Where an indemnitor of a joint tort-feasor fully pays and satisfies a judgment obtained against its indemnitee and another, for damages resulting from their concurrent negligence, such indemnitor has no greater right than the indemnitee, and though upon payment it obtains an assignment of the judgment, may not enforce payment of the
 
 whole or any part thereof
 
 by the co-defendant of the indemnitee.” (Italics ours.)
 

 Recovery was denied the indemnity company because G-ordon and the Beckers were joint tort-feasors. The rule laid down by the court prevents not only contribution in such a case, but any recovery whatsoever by a joint tort-feasor or its indemnitor.
 

 In this case The Automobile Insurance Company was the insurer or indemnitor which paid the claim of a third person against its insured or indemnitee, whose concurrent negligence caused the damages. Because
 
 *456
 
 of this concurrent negligence Roadway Express, Inc., was barred from recovering from its joint tort-feasor, the Pennsylvania Railroad Company. Likewise, under the rule just set forth, the indemnitor or insurer, The Automobile Insurance Company, cannot recover either “the whole or any part” of the sum it paid to The Goodyear Tire & Rubber Company.
 

 It is contended that all the
 
 Royal Indemnity case
 
 holds is that there cannot be contribution between joint tort-feasors. It would be an anomolous situation that while an indemnitor of a joint tort-feasor who has paid a claim in full cannot secure contribution from the other tort-feasor, yet by taking an assignment or by means of subrogation, it could collect the entire amount paid. The plain words of the syllabus in the case cited prevents such a result, and the provisions of Section 9510-4, General Code, cannot be tortured to produce a contrary conclusion.
 

 We approve the statement of Judge Matthias in
 
 Royal Indemnity Co.
 
 v.
 
 Recker, supra,
 
 at page 587:
 

 “In our opinion the right of the indemnity company was no greater than that of its tort-feasor indemnitee, and that the attempt to accomplish by indirection what Gordon could not have done directly must fail. The judgment was paid in full, and it is immaterial whether it was paid by Gordon or by his indemnitor, The Royal Indemnity Company.”
 

 If it had been determined that the damage to the merchandise had been caused solely by the negligence of the railroad then by reason of subrogation the insurance company would recover from the railroad company the amount paid the shipper. Where, however, Roadway Express, Inc., is found to be a joint tortfeasor a different situation arises.
 

 It is said that it is elementary in joint liability, either under contract or in tort, that where there is a full satisfaction by one joint obligor, the same works
 
 *457
 
 a release to all other obligors.
 
 Adams Express Co.
 
 v.
 
 Beckwith,
 
 100 Ohio St., 348, 126 N. E., 300.
 

 While by the release and assignment, Roadway Express, Inc., is not released from liability, the insurance company is discharged. The Goodyear Tire
 
 &
 
 Rubber Company, having received a full and complete settlement of its claim, could not have thereafter sued Roadway Express, Inc. If Roadway Express, Inc., was released from liability then its joint tort-feasor, the Pennsylvania Railroad Company, would have been released, for the receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of an action for damages, releases all of them.
 
 Cleveland Ry. Co.
 
 v.
 
 Nickel,
 
 120 Ohio St., 133, 165 N. E., 719.
 

 The rule that there cannot be contribution among joint tort-feasors is firmly imbedded in our law. See
 
 Adams Express Co.
 
 v.
 
 Beckwith, supra; Pennsylvania Co.
 
 v.
 
 West Penn Co.,
 
 110 Ohio St., 516, 144 N. E., 51, and cases cited in 75 A. L. R., at 1486. So long as the rule exists, of necessity, an indemnitor of one joint tort-feasor cannot receive any sum paid to an injured third party from the other tort-feasor.
 

 While in some states there are legislative enactments permitting contribution among joint tortfeasors, the provisions of Section 9510-4, General Code, cannot be so construed.
 

 Since the court properly found that the negligence of Roadway Express, Inc., was of a contributory nature the motion of the appellant for a directed verdict should have been granted.
 

 The judgment of the Court of Appeals and that of the Court of Common Pleas are therefore reversed and final judgment is rendered in favor of the appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.