MOTORISTS INSURANCE COMPANIES, APPELLANT, ET AL., *v.* SYKES ET AL.; CITY OF AKRON, APPELLEE.

(No. 13250—Decided
August 10, 1988.)

*Orville L. Reed III,* for appellant.
*Glenn W. Morris,* for the Zenners.
*James E. Payne,* assistant director
of law, for appellee.

*Per Curiam.* Plaintiff, Motorists
Insurance Companies ("Motorists"),
appeals the trial court's decision grant-
ing defendant city of Akron's motion
to dismiss based on R.C. 2744.05(B),
which eliminates contractual subroga-
tion rights against a political subdivi-
sion. Motorists argues that application
of R.C. 2744.05(B) violates the con-
stitutional prohibition against retroac-
tive legislation, and also that the
statute violates the Equal Protection
Clause of the Fourteenth Amendment
to the United States Constitution.
Because we hold that the statute may
not be applied retroactively, we re-
verse and remand.

On December 31, 1982, defendant,
Robert E. Sykes, while driving on the
eastbound leg of I-76 in Akron, struck
a patch of ice causing him to lose con-
trol of his car and run into another car.
This second car was being driven by
plaintiff Frederick Zenner with plain-
tiffs Mildred and Elizabeth Zenner and
Steven Zenner as passengers. Sykes
was uninsured. The Zenners had unin-
sured motorist coverage through an in-
surance policy issued by plaintiff
Motorists Insurance Companies. The
Zenners obtained compensation from
Motorists under this policy.

Motorists filed suit against Sykes
and the city of Akron pursuant to
subrogation rights contained in the in-
surance policy. On September 11,
1986, Akron moved to dismiss Motor-
ists' complaint against it based on R.C.
2744.05(B), which reads in part:

"Notwithstanding any other provi-
sions of the Revised Code or rules of a
court to the contrary, in an action
against a political subdivision to
recover damages for injury, death, or
loss to persons or property caused by
an act or omission in connection with a
governmental or proprietary function:
"* * *

"(B) If a claimant receives or is
entitled to receive benefits for injuries
or loss allegedly incurred from a policy
or policies of insurance or any other
source, the benefits shall be disclosed
to the court, and the amount of the
benefits shall be deducted from any
award against a political subdivision
recovered by that claimant. No insurer
or other person is entitled to bring an
action under a subrogation provision in
an insurance or other contract against
a political subdivision with respect to
such benefits. * * *"

Section 3(B) of Sub. S.B. No. 297
(141 Ohio Laws, Part I, 701, 703)
amended Section 5 of Am. Sub. H.B.
No. 176 (141 Ohio Laws, Part I, 1699,
1732) to make R.C. 2744.05(B) ap-
plicable to untried causes of action
arising prior to its effective date
(November 20, 1985). The trial court
granted Akron's motion, holding that
"by the clear language of [R.C.
2744.05], the subrogation rights
against a political subdivision are cut
off." Motorists appeals.

Assignment of Error II

"Retroactive application of Ohio
Revised Code Section 2744.05(B) vio-
lates the United States and Ohio Con-
stitutions."

As noted above, R.C. 2744.05(B) is
expressly made retroactive. R.C. 1.48
requires such a conclusion before we
inquire into the constitutionality of a
retroactive statute. *Van Fossen* v. *Bab-
cock & Wilcox Co.* (1988), 36 Ohio St.

3d 100, 522 N.E. 2d 489, paragraph one of the syllabus. Having determined that R.C. 2744.05(B) satisfies the requirement of R.C. 1.48, we now address Motorists' constitutional arguments. Motorists argues that retroactive application of R.C. 2744.05(B) violates the prohibition against retroactive legislation contained in Section 28, Article II of the Ohio Constitution, and also violates the Due Process Clause in the Fourteenth Amendment to the United States Constitution, both of which forbid the extinguishment of vested or substantive rights. Motorists contends that R.C. 2744.05(B) "retroactively destroys a subrogation claim which existed prior to the effective date of the statute." Motorists argues that, because the law recognizes a vested property right in an accrued cause of action, retroactive application of the statute which would destroy Motorists' claim is unconstitutional. We agree.

In *Van Fossen, supra,* at 106-07, 522 N.E. 2d at 496, the court recognized:

"With regard to substantive rights, it has been more particularly held that a statute is substantive when it does any of the following: impairs or takes away vested rights * * *; affects an accrued substantive right * * *; imposes new or additional burdens, duties, obligations or liabilities as to a past transaction * * *; creates a new right out of an act which gave no right and imposed no obligation when it occurred * * *; creates a new right * * *; [or] gives rise to or takes away the right to sue or defend actions at law * * *." (Citations omitted.)

These non-remedial statutes may not be applied retroactively. We hold that R.C. 2744.05(B) as applied to insurer-subrogees is a substantive law. The United States Supreme Court held that an insurer-subrogee has substantive rights against a tortfeasor. *United States* v. *Aetna Cas. & Sur. Co.* (1949), 338 U.S. 366, 381. R.C. 2744.05(B) is a substantive law in that it "affects an accrued substantive right" of the insurer-subrogee — that right being the right to recover from the tortfeasor the amount of the benefits paid by the insurer-subrogee to the subrogor. This explanation points to an additional reason for terming R.C. 2744.05(B) a substantive law — it "takes away the right [of the insurer-subrogee] to sue at law." Clearly, the procedural posture[1] of the case points at this to be true.

The assignment of error is sustained.

### Assignment of Error I

"Ohio Revised Code Section 2744.05(B) creates a classification which discriminates against insurance companies and other subrogated claim-holders in violation of constitutional equal protection guarantees."

Given our disposition of the previous assignment of error, Motorists' equal protection argument is moot.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

BAIRD, P.J., and MAHONEY, J., concur.

QUILLIN, J., dissents.

QUILLIN, J., dissenting. I believe that the majority comes to the wrong conclusion because it approaches the problem incorrectly.

Motorists contends, and the majority agree, that R.C. 2744.05(B) "retroactively destroys a subrogation claim which existed prior to the effec-

---

[1] This case had already been filed and a trial date had been set when the new statute became effective.

tive date of the statute." They conclude, therefore, that because the law recognizes a vested property right in an accrued cause of action, retroactive application of the statute, which would abort Motorists' claim, is unconstitutional.

However, a subrogee's rights (here, the insurance company) are derivative of the subrogor's. Thus, the rights of the subrogee can rise no higher than those of the subrogor. *Automobile Ins. Co. of Hartford* v. *Pennsylvania Rd. Co.* (1938), 133 Ohio St. 449, 454, 11 O.O. 148, 150, 14 N.E. 2d 613, 615. Therefore, the statute must be examined from the subrogor's perspective.

R.C. 2744.05(B) provides that any benefits a claimant receives or is entitled to receive from a policy of insurance or any other source shall be deducted from any award recovered by a claimant against a political subdivision. The statute thus precludes the claimant from twice recovering for the same damages. The predicate of liability, however, has not been changed by the statute — the political subdivision remains liable to the claimholder for its negligence. R.C. 2744.05(B) merely affects the claimant's available remedy by reducing the amount of damages the political subdivision must pay. The issue, therefore, is whether a statute affecting the amount of recovery violates the constitutional prohibition against retroactive legislation.

In *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32, 9 OBR 123, 458 N.E. 2d 827, the Ohio Supreme Court determined that an amendment to Ohio's wrongful death statute expanding the amount of recoverable damages represented a remedial change in the statute and could be applied retrospectively. If *French* is still good law, we are compelled to hold that R.C. 2744.05(B) affects only a remedial right and its retroactive application is constitutional.

Furthermore, the suggestion that the statute somehow unconstitutionally impairs the subrogation contract is misplaced. " 'One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them.' " *Allied Structual Steel Co.* v. *Spannaus* (1978), 438 U.S. 234, 241, quoting *Hudson Cty. Water Co.* v. *McCarter* (1908), 209 U.S. 349, 357.

## Assignment of Error I

"Ohio Revised Code Section 2744.05(B) creates a classification which discriminates against insurance companies and other subrogated claimholders in violation of constitutional equal protection guarantees."

Motorists relies upon *Greyhound Food Mgt., Inc.* v. *Dayton* (S.D. Ohio 1986), 653 F. Supp. 1207, in support of this assignment of error. In *Greyhound,* the court determined that R.C. 2744.05(B) created "a classification between those holding claims under a subrogation provision in an insurance or other contract (subrogated claimholders) and other claimholders." *Id.* at 1213. As the legislation neither affects fundamental rights nor involves a suspect class, the *Greyhound* court properly applied the rational basis test:

"* * * 'The rational basis test requires the Court to identify the class created by the statute, and then to determine whether the classification is rationally related to a legitimate governmental interest.' *Edwards* v. *[Valdez* (C.A. 10, 1986)], 789 F. 2d [1477,] at 1483 * * *."

The *Greyhound* court determined that the legitimate state purpose behind R.C. 2744.05(B) involved the "[p]rotection of the fiscal integrity of [the] state's political subdivisions" due to their "inability to acquire insurance and the astronomical increase in liability claims and exposure." *Greyhound, supra,* at 1214. However, the *Grey-*

99

*hound* court concluded that the classification created by the statute was not rationally related to the legitimate state purpose, and therefore determined that R.C. 2744.05(B) violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

As suggested by the analysis under the previous assignment of error, I disagree with the classification the *Greyhound* court has identified as being created by R.C. 2744.05(B). As distinguished from a classification between contractually subrogated claimholders and other claimants, the classification created by R.C. 2744.05 (B) is between claimants entitled to receive benefits from a collateral source and claimants not entitled to such benefits. The end result of such a classification is that the victims of a political subdivision's negligence are not prevented from receiving full compensation for their injuries, while enabling the municipalities to conserve scarce resources. I conclude, therefore, that there is a rational relationship between the classification and the legitimate state purpose.

I would overrule assignment of error one.