[Cite as *Warmack v. Arnold*, 2011-Ohio-4232.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| RICHARD L. WARMACK | : | APPEAL NO. C-100718 |
| | | TRIAL NO. 10CV-13581 |
| and | : | |
| STATE AUTO INSURANCE COMPANY OF OHIO, | : | *D E C I S I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| TIMOTHY ARNOLD, | : | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Final Judgment Entered

Date of Judgment Entry on Appeal:  August 26, 2011


*Zeehandelar Sabatino & Associates, LLC,* and *Steven J. Zeehandelar*, for Plaintiffs-Appellees,

*Timothy Arnold*, pro se.


Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}    Defendant-appellant Timothy Arnold appeals the judgment of the Hamilton County Municipal Court in favor of plaintiff-appellee State Auto Insurance Company of Ohio ("State Auto") on its claim for damages.  The judgment was entered following a bench trial.

{¶2}    In its complaint against Arnold, State Auto asserted that it had provided collision insurance coverage to plaintiff-appellee Richard L. Warmack. State Auto alleged that, pursuant to that insurance policy, it had been "required to and did pay to and/or on behalf of its Insured the sum of $4,075.00 under the Collision coverage provision and is thereby subrogated in that amount, less a net salvage recovery of $772.77."

{¶3}    At trial, the parties stipulated to the following facts.  Arnold had been operating a motor vehicle and had caused damage to Warmack's parked vehicle. Arnold had then gone to Warmack's home and had admitted that he was responsible for the damage.  The two had exchanged their automobile-insurance information and their telephone numbers.

{¶4}    Following the trial, at which both Arnold and Warmack testified, the trial court awarded State Auto $3,302.23, the difference between the amount it had paid to Warmack for the vehicle's loss and the amount it had recovered for the salvage of the vehicle.

{¶5}    In a single assignment of error, Arnold argues that the trial court erred by entering judgment for State Auto.  Because Arnold essentially claims that the judgment was contrary to the evidence, we must determine whether competent,

credible evidence supported the trial court's judgment[1] that State Auto was entitled to recover from Arnold under the doctrine of subrogation.

{¶6}     Subrogation is the right of an insurer to be put in the position of its insured in order to pursue recovery from a third party legally responsible to the insured for a loss paid by the insurer.[2]  Because an insurer is subrogated to or an assignee of only the rights of its insured or assignor, the rights of an insurer are no greater than those of its insured.[3]

{¶7}     In *Aetna Cas. & Sur. Co. v. Hensgen*,[4] the defendant tortfeasor argued that the insurance company could not maintain a tort action against him without establishing the existence of an insurance policy and the payment of a premium by the alleged insured.  The Supreme Court of Ohio held that because the insurance company had established the existence of a subrogation and assignment agreement that was signed at the same time as the insurer's payment to the insured, the insurance company need not establish the existence of an insurance policy.[5]

{¶8}     In this case, State Auto did not establish either the existence of an insurance policy or of a subrogation or assignment agreement.  Because State Auto failed to submit evidence to support its claim that Warmack had assigned State Auto his rights to recover from Arnold, we hold that the trial court erred by entering judgment in favor of State Auto.

{¶9}     Based on the foregoing, we sustain the sole assignment of error and enter judgment in favor of Arnold on State Auto's subrogation claim.

Judgment reversed and final judgment entered.

---

[1] *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
[2] *Aetna Cas. & Sur. Co. v. Hensgen* (1970), 22 Ohio St.2d 83, 90, 258 N.E.2d 237.
[3] See *Auto. Ins. Co. v. Pennsylvania RR Co.* (1938), 133 Ohio St. 449, 14 N.E.2d 613.
[4] Supra.
[5] Id. at 89.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.**, concur.

Please Note:

The court has recorded its own entry on the date of the release of this decision.