## Reimel, to use, *v.* Northwestern Trust Co. (et al., Appellant).

Argued April 24, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Samuel K. White,* of *Peck & White,* for appellants.

*James W. Laws* and *Ralph S. Graham,* for appellee, were not heard.

PER CURIAM, May 12, 1930:

We affirm the order here in question on the following excerpts from the opinion of the court below:

"The North Philadelphia Trust Company, intervening defendant in the above case, having taken an appeal from our action in discharging its rule to strike off a judgment entered against it, the following are the reasons for our doing so: The suit was to recover, from the Northwestern Trust Company, the other and first defendant, the amount of a settlement check, drawn by it to the order of the plaintiff, and delivered to the plaintiff's agent. After receipt of the check the agent forged the name of the plaintiff payee, deposited the check in the bank of the intervening defendant in his own account, and misappropriated the funds thus fraudulently secured. The intervening defendant endorsed the check, and guaranteed prior endorsements, and, after passing through another bank, the check was paid by the first defendant, the Northwestern Trust Company. The intervening defendant having no direct obligation to the plaintiff in regard to the check, the plaintiff instituted the action now before us to recover the amount of the check from the drawer, basing her right of recovery upon the forgery. On December 27, 1927, we permitted the North Philadelphia Trust Company to intervene as a party defendant in the case, upon a petition which averred, inter. alia, that 'should the plaintiff in this action be successful, and should she secure judgment against the defendant, Northwestern Trust Company, your petitioner, by reason of its endorsement, would be responsible to the Northwestern Trust Company for the

amount of this check and would be compelled to pay the same.'

"At the trial of the case, the attorney for the intervening defendant conducted the defense [of] the first defendant, and the case turned upon the question, whether the plaintiff gave prompt notice of the forgery to the Northwestern Trust Company, the first defendant, after its discovery by her. The jury rendered a verdict in favor of the plaintiff for the amount of the check with interest, without specifying the defendant or defendants against whom the verdict was rendered. This was because, so far as the conduct of the trial itself was concerned, no mention was made during it of any additional or separate defense by the intervening defendant. Both defendants filed separate motions and reasons for new trials and for judgment non obstante veredicto, which were, on January 28, 1929, discharged. On February 5, 1929, the plaintiff paid the jury fee, and, by order of her attorney, judgment was entered on the verdict. The order filed by the plaintiff's attorney did not specify the defendant against whom she desired judgment to be entered, and, as the caption of the case in the record contained only the name of the Northwestern Trust Company, the original defendant, and the verdict, as recorded, stated merely that it was in favor of the plaintiff, the prothonotary indexed the judgment against the Northwestern Trust Company alone.

"On March 15, 1929, the [two] defendants took separate appeals to the Supreme Court; and, on January 6, 1930, that court affirmed the judgment. It should be noted at this point that the parties apparently supposed that the judgment was entered against both defendants, and the action of the Supreme Court in the case would seem to indicate that its attention was not called to [what is now alleged as] the fact, that no judgment from which an appeal could be taken had been entered against the North Philadelphia Trust Company. After the records in each appeal were remitted to this

court, on January 17, 1930, the parties took the following actions in the case: On January 23, 1930, by order of the plaintiff's attorney, judgment on the verdict was entered against the North Philadelphia Trust Company, intervening defendant. On January 27, 1930, 'By order of the plaintiff's attorney, filed, judgment is satisfied as to Northwestern Trust Company only,' and on the same date, by order of the same attorney, 'This judgment is marked to use of P. William Huster,' who is the title and trust officer of the Northwestern Trust Company. The North Philadelphia Trust Company thereupon took the rule to strike off the judgment against it, and it is from our action in discharging that rule that the said company is now appealing.

"Whatever may have been the uncertainties and deficiencies of the record at the time of the former appeal in this case, it is apparent that each defendant intended to appeal......from a judgment entered against each [, that is, each of them treated the judgment as entered against them respectively]...... The verdict being generally for the plaintiff, without distinguishing between the defendants, was a verdict against both. Hence the belated entry of the judgment against the North Philadelphia Trust Company, after the case had been sent back to us by the Supreme Court, amounted to no more than a correction and perfection of a formal defect in the record. This being so, it is clear that we should not impeach the action of a higher court by striking off the entry of the judgment against the intervening defendant, which we take that court intended to affirm, notwithstanding it was entered after the case was remitted by the Supreme Court to us. The contention of the North Philadelphia Trust Company, therefore, that the judgment was improperly entered, is without merit; and, for that reason, we discharge its rule to strike the judgment off."

The order appealed from is affirmed.