## Geraci et al. v. Lerner et al.

*Charles F. Kelley*, for plaintiffs.

*L. Arthur Greenstein* and *Ward C. Henry*, for defendants.

LEWIS, J., November 7, 1932. — Plaintiffs brought an action in trespass against I. Lerner and Harry Suskin to recover damages alleged to have been sustained as a result of the negligent operation, by the two defendants, of their respective automobiles. A verdict of $275.34 for the minor plaintiffs, and $187.66 for the father plaintiff, was found on March 8, 1932. Judgment was entered against both defendants on the findings, following the overruling of a motion for a new trial. On May 24, 1932, Isaac Lerner paid to the plaintiffs the entire amount of the judgment; and on said date the judgment was marked to Lerner's use. On June 27, 1932, a writ of attachment sur judgment was issued, and the Philadelphia Saving Fund Society was summoned as garnishee in the suit of the plaintiffs to the use of Lerner against Suskin, naming the latter as the only defendant in the writ.

We have before us Suskin's petition for a rule to show cause why the writ of attachment sur judgment should not be set aside. He contends:

(1) By virtue of the payment by Lerner, one of the codefendants, to the plaintiff of the sum of said judgment, the said judgment became extinguished in law as to both defendants.

(2) Execution did not conform to and follow the judgment and separate execution cannot issue against one of the defendants where a judgment is rendered against several defendants jointly.

(3) An inspection of the record of the original suit will reveal gross negligence on the part of both defendants in so far as the injuries to the plaintiffs are concerned.

We will take up these contentions in the order named.

1. It has been held that "contribution between defendants entitled thereto may be enforced in the same case in which their common liability is established. At least where the party paying the judgment has taken an assignment thereof . . . he is entitled to the benefit of the judgment for the purpose of enforcing contribution, as by taking out execution . . .:" 13 C. J. 833.

In Goldman et al. *v.* Mitchell-Fletcher Co., 292 Pa. 354, where a judgment was recovered against one of two parties guilty of joint negligence, one party on paying the judgment was permitted to have the same marked to his use so as to enforce contribution from the other party guilty of the joint wrong.

In Feldman et al. *v.* Gomes et al., 98 Pa. Superior Ct. 84, Judge Trexler said:

"There can . . . be subrogation where a judgment is recovered against one of two parties guilty of joint negligence and the party paying the judgment has a right to have the judgment marked to his use. . . ."

2. There is a variance between the judgment and the writ, argues Suskin, and, therefore, the writ of attachment sur judgment is void. We find that the writ in this case directed the sheriff to "levy upon and attach the goods and chattels . . . monies and interest and all debts due H. Suskin, defendant, in satisfaction of one-half of the amount of a certain judgment obtained in the Municipal Court of Philadelphia County at the suit of [plaintiffs] to the use of Isaac Lerner, against the said defendant, as of August Term, 1929, No. 570, for the sum of $218.33. . . ."

Ordinarily a writ may be quashed where there is an essential and prejudicial variance between the judgment and the writ.

The judgment, it will be observed, was in the sum of $462.70 in favor of both plaintiffs. The writ was issued for an amount less than that of the judgment. The judgment, however, was identified in the writ. There was a misrecital of the parties. The writ was issued against only one of the two defendants.

"It has frequently been held to be ground for quashing the writ, that it does not correspond to the judgment in amount, especially if the amount named in the execution is excessive. So it has been held that a writ may be set aside when issued for an amount less than the amount of the judgment, unless the reason for the variance appears on the face of the writ. But the better rule, supported by the modern tendency of the decisions, is that the court, instead of setting aside the writ in its entirety, where it is more or less than the amount of the judgment, should quash it in part only and direct an amendment. . . . A variance as to the parties, so great as to preclude identification of the judgment, is fatal on motion to quash. But so long as the writ can be identified with the judgment, a misrecital of the parties is not ground for quashing. Thus if the writ is issued against one only of a plurality of defendants, the error may be corrected by amendment:" 23 C. J. 539.

"An amendment may be made by the court of its own motion, or on the suggestion of any one, to conform the execution to the truth:" 10 R. C. L. 1243.

The language of Mercur, J., in Duffield, for use, v. Cooper, 87 Pa. 443, 446, which we will paraphrase, seems to us clearly applicable to this case:

"It is undoubtedly true as a general rule that the execution must follow the judgment. That is, if the judgment be joint the execution should be against all of the defendants therein. This rule, however, is not so inflexible as to prevent its being modified by the special circumstances of the case. . . In the present case it would be the merest technicality to require the use party plaintiff to issue an execution against himself. The receipt and assignment of record on the execution showed he had paid the whole judgment. Thus the record showed why the execution went against . . . [Suskin] alone. He has no equitable ground of complaint. In case he was not liable for the whole judgment, as between him and . . . [Lerner], the court . . . [may restrain] the execution to the collection of such portion as in equity he ought to pay. But being liable for the whole, he has no standing to invoke the equitable power of the court. The fact of the payment of the whole judgment by the use plaintiff, appearing of record, precluded the collection of any part of it from him again. The defendant had paid none of it, although legally liable for the whole. Under all these facts, we do not think it fatal to the execution, that it went against the only defendant liable for its payment."

While we agree that the manner in which the writ was issued does not conform to technical niceties, yet with the vital facts as they appear of record, the court can mold the execution process so that Suskin suffers no harm. As a collateral process: Kase v. Kase, 34 Pa. 128; the attachment execution is under the control of the court. So far it has not been used vexatiously or improperly. The technical defects appearing upon the face of the writ should not defeat this attachment. Had there been any effort on the part of the use-plaintiff to collect more than one-half of the judgment, the court, upon timely application, would have directed the payment of the money to the extent and according to the effect circumscribed by the proceedings appearing of record.

3. The right of contribution is founded upon principles of equity and natural justice and does not spring from contract. The thing that gives rise to the right of contribution is that one of the common obligors has discharged more than his fair, equitable share of the common liability. It is only when two parties commit an unlawful act involving moral turpitude or delinquency to the injury of another that they are equally guilty and as between them the law will not inquire into their relative delinquency or compel contribution at the instance of one who has paid the damages: Union Stock Yards Co. of Omaha v. Chicago, Burlington & Quincy R. R. Co., 196 U. S. 217.

In Goldman v. Mitchell-Fletcher Co., supra, it is held that the general rule, that there can be no contribution among joint tortfeasors, applies only where there has been an intentional violation of the law, or where the wrongdoer knows or is presumed to know that the act was unlawful. The rule does not apply to torts which are the result of mere negligence. See, also, Bailey v. C. Lewis Lavine, Inc., et al., 302 Pa. 273; Reimel, to use, v. Northwestern Trust Co., 304 Pa. 121; Malone et ux. v. Union Paving Co. et al., 306 Pa. 111.

While the general propositions of law are conceded by Lerner and Suskin, they arrive at opposite conclusions in applying them to the instant case.

Lerner contends that the judgment establishing a common liability of joint tortfeasors is res judicata upon the question of right of contribution between them; that "In trespass all the defendants are alike guilty, each is liable for

the damages sustained without regard to the different degrees or shades of guilt." On the other hand, Suskin urges that one joint tortfeasor may seek to determine his liability against the other tortfeasor, arising out of the very subject matter of the plaintiff's action, by a motion to vacate and set aside the attachment. He insists that we should undertake to inspect the record, examine the testimony that was given in the plaintiff's action, and determine therefrom that no contribution between the tortfeasors should be had, because "the averments and proofs in the record manifest gross negligence on the part of both defendants."

We do not feel that we have the power, under this motion to quash the writ, to adjudicate which one of the propositions should be applied to this case. We are of the opinion that the motion to quash simply raises an issue of law, and is to be treated as a demurrer to the writ alone. We are not at liberty to examine the pleadings and the testimony taken at the trial.

The writ to vacate and set aside the attachment sur judgment is dismissed without prejudice.