## Wood, etc., v. Pennsylvania Indemnity Company

A. *Grant Walker*, of *Gunnison, Fish, Gifford & Chapin*, for plaintiffs.

*Ritchie T. Marsh* and *John A. Spaeder*, of *Marsh, Spaeder, Himebaugh & Baur*, for defendant.

HIRT, P. J., January 29, 1936.—Etta F. Wood was injured through the concurrent negligent operation of two motor vehicles, one, a passenger car, driven by Ada McDonald, and the other a truck of the Rowland Transportation Company. In an action in trespass for damages, to no. 230, November term, 1929, in this county, she and her husband, on January 13, 1932, recovered a verdict against both Ada McDonald and Rowland Transportation Company for a total of $3,300. Judgment was finally entered on April 4, 1932, and was paid in full by the insurance carrier of Rowland Transportation Company. On August 17, 1933, to no. 1308, September term, 1933, Etta F. Wood and William S. Wood, to the use of Consolidated Indemnity and Insurance Company, the successor insurance carrier, brought action against Ada McDonald to determine the right of the use-plaintiff to contribution from her for one half of the judgment, interest and costs, paid by the use-plaintiff's predecessor, in the action in no. 230, November term, 1929. Judgment was entered on October 17, 1933, in favor of the use-plaintiff against Ada McDonald for $1,854.59. The instant case was brought on October 20, 1933, against the defendant, the insurance carrier of Ada McDonald, to enforce contribution from Ada McDonald's insurer. Before this case came on for trial, an execution had been issued on the judgment against Ada McDonald in no. 1308, September term, 1933, and returned by the sheriff nulla bona. The trial of this case resulted in a directed verdict in favor of the plaintiff

and against the defendant for $1,854.59, with interest from October 17, 1933, and the defendant's rules for a new trial and for judgment n. o. v. are now before the court.

It is conceded that two controlling questions are raised on these motions, to wit: (1) Is the use plaintiff barred from recovery by the fact that this action was not brought within one year from the date of the final judgment against Ada McDonald and Rowland Transportation Company in the original action? (2) Is the defendant insurance carrier of Ada McDonald relieved from liability by the condition of the policy forbidding the carrying of passengers for hire? We will discuss them in their order.

The policy provides that "no suit or action at law or in equity for the recovery of any loss or expense hereunder shall be sustainable unless commenced within one year after the amount of such loss or expense has been fixed by final judgment."

What defendant assumed by its contract of insurance is the payment of loss recovered by suit commenced within one year after the amount of the loss has been fixed by final judgment. The use-plaintiff's rights not only arise from the contract but they are limited by it, and the use-plaintiff is bound, as a third party beneficiary under the insurance contract, by the agreement of the parties who made it, and its right of action is limited to the period of one year after the amount of the loss or expense has been fixed by final judgment. There is dictum to this effect in Graham v. U. S. Fidelity & Guaranty Co., 308 Pa. 534.

But the final judgment in the original action brought by Wood and wife against Ada McDonald and Rowland Transportation Company, though it fixed the amount of the loss to those plaintiffs, did not establish either that this use-plaintiff had suffered any loss chargeable to Ada McDonald nor the amount thereof. It was only after the use-plaintiff's relationship as insurance carrier of Rowland Transportation Company had been established, and

after the payment of the original verdict, that it could proceed against Ada McDonald for contribution, and the date of the final judgment which determined the use-plaintiff's right to recover is October 17, 1933. That is the date from which the limitation of the right of action under the policy must be computed. It is the date when "the amount of such loss or expense to use-plaintiff" was "fixed by final judgment." The instant action was brought within one year from that date and therefore, in our opinion, the use plaintiff is not barred.

When the use plaintiff's predecessor paid the whole of the judgment in the original action, it was entitled to be substituted by subrogation in that action to proceed against Ada McDonald. It might, and perhaps should, have had that judgment marked to its use: Reimel v. Northwestern Trust Co., 304 Pa. 121; City National Bank of Wichita Falls, etc., v. Atkinson et al., 316 Pa. 526. That it chose a more circuitous procedure to accomplish the same result is, in our opinion, unimportant.

The insurance contract between Ada McDonald and defendant provides:

"This policy does not cover any liability . . . in respect of injuries caused in whole or in part by any automobile insured hereunder while being operated . . . for carrying passengers for hire."

Ada McDonald, at the time of the injury, was conveying an insane person in her automobile from Erie to Warren State Hospital.

The policy insured Ada McDonald in the use of her automobile for "business and pleasure". Her business, as noted in the policy, is that of nurse. She was employed as a nurse on occasion by the directors of the poor of this county, for which she received compensation for each service as rendered. For conveying an insane patient to Warren she received $5 for her services and, in addition, the equivalent of three one-way railroad fares to cover the cost of transportation. Conveying an insane patient, on occasion, was a part of her business.

It is doubtful that the transporting of a patient by a nurse is the carrying of a passenger for hire within the prohibition of the provision of the policy above quoted, even though the nurse receives, in addition to her fees, an amount equivalent to the passenger railroad fares to destination. Her duty as nurse involved something more than carrying a passenger; the patient was within her custody and control and her responsibility included the furnishing of professional services, if necessary, and not merely the delivery of the patient. If the applicability of the above provision of the policy is doubtful, that doubt must be resolved in favor of this plaintiff, a third party beneficiary under the policy.

In our opinion, however, the plaintiff's right to recovery does not depend upon the correctness of the above conclusion. The agent who sold her the policy was also the director of the poor who employed her as nurse, and he testified that, when he took her application for the policy, he knew exactly what her duties were, and that when she was employed by the poor directors it was her practice to use her car in her business in taking patients to Warren Hospital. The policy in this case was a renewal of other policies written for Ada McDonald by this same agent, and during the terms of the former policies she, on occasion, had used her automobile under identical circumstances. On November 4, 1929, the defendant company entered its appearance and assumed the defense of the original action against Ada McDonald and control of the case until after the first trial in October 1931, a period of about two years. Where an insurance company is notified of loss occurring under an indemnity policy, it becomes its duty immediately to investigate all the facts in connection with the supposed loss as well as any possible defense on the policy: Lewis et ux. v. Fidelity & Casualty Co., 304 Pa. 503. If the company undertakes the defense, it elects to treat the plaintiff's cause of action, if he had any, as covered by its contract; and when it substitutes itself and its judgment for that of the defendant, both plaintiff and de-

fendant have a right to insist that the final judgment is a liability and debt of the company and to the assured: Malley v. American Indemnity Co., 297 Pa. 216. The defendant had a reasonable time in which to investigate the facts and determine the validity of its contract with assured. The means of developing the facts were at the command of the defendant. Its agent knew of the character of the use of the automobile by Ada McDonald, but, even without that knowledge, a casual investigation by the defendant would have developed the fact that at the very time of the accident she was transporting a patient in her car and that she was being paid for that service. After two years, the defendant must be considered to have waived the provision in the policy forbidding the carrying of passengers, insofar as that prohibition is applicable.

Now, January 29, 1936, the rules for a new trial and for judgment n. o. v. are discharged and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.