UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, vs. COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

*June 2—June 22, 1936.*

152

For the appellant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

For the respondent there was a brief by *Arthur A. Mueller,* attorney, and *Paul H. Paulsen* and *Herbert J. Mueller* of counsel, all of Milwaukee, and oral argument by *Mr. Paulsen.*

ROSENBERRY, C. J.   Plaintiff executed two surety bonds in the aggregate penal sum of $400,000 for the Capital City Bank at Madison, Wisconsin, as state depository.   Each of the bonds was conditioned upon payment on demand to the state treasurer of state funds deposited in the Capital City Bank.   Another depository bond in the penal sum of $200,000 was executed by the Fidelity & Deposit Company of Maryland, making the aggregate of the depository coverage $600,000.

Sec. 14.46, Stats. 1931, provides:

"However, the amount at any time on deposit with any depository shall not exceed its actual paid-up capital, nor one half of the penalty of the bond filed by it, nor the amount prescribed by the board of deposits, if any be prescribed; provided, that for checking accounts such deposits may be made to the amount of the paid-up capital and surplus."

At the time in question the Capital City Bank had a capital of $200,000 and a surplus of $50,000.   The bank failed on November 12, 1931, at which time there was on deposit $325,456.60 of state funds.   The state of Wisconsin demanded of its depository sureties the full amount of the state funds on deposit at the time of the failure.   The sum

of $250,000 with interest was paid to the state of Wisconsin on June 20, 1932. The sureties of the depository contested their liability for any amount deposited in excess of that authorized by sec. 14.46, Stats. Upon appeal to this court, *State v. United States F. & G. Co.* (1933) 210 Wis. 178, 246 N. W. 434, the judgment of the circuit court adjudging the defendant to be liable for such excess was affirmed. The depository sureties contributed to the payment on account of the failure of the bank in amounts proportional to the penal sums named in their respective bonds. The sureties recouped certain amounts by way of preference and other amounts paid by the Capital City Bank in the course of its liquidation.

The defendant was upon the official undertaking of Solomon Levitan, state treasurer, in the penal sum of $300,000. The material parts of this obligation are as follows:

"We, the undersigned jointly and severally, undertake and agree that Solomon Levitan, who has been elected to the office of state treasurer of the State of Wisconsin, will faithfully discharge the duties of his said office according to law, and will pay to the parties entitled to receive the same, such damages, not exceeding in the aggregate three hundred thousand dollars ($300,000) as may be suffered by them in consequence of his failure so to discharge such duties; . . . and that he will deliver over to his successor in office, or to any person authorized by law to receive the same, all moneys, books, records, deeds, bonds, securities, and other property and effects of whatsoever nature belonging to his said offices."

The two causes of action set forth in the complaint are for contribution, (1) of one third of the excess deposits, *i. e.,* the state funds on deposit in the Capital City Bank on the day it closed in excess of the statutory limit of $250,000; (2) of one third of the state funds on deposit within the limit of the depository statute because the deposits had not been made in compliance with the state depository act, a condition

precedent to the release of the state treasurer and his official surety from liability for state funds deposited in a state depository.

The plaintiff contends that, in the absence of a strict compliance by the state treasurer with the provisions of the depository act, the official surety of the state treasurer is liable to account for state funds deposited in a state depository, such as was the Capital City Bank (*Supervisors of Omro v. Kaime* (1876), 39 Wis. 468); that the provisions of sec. 14.46 adverted to in *State v. United States F. & G. Co.* (1933) 210 Wis. 178, 246 N. W. 434, merely release the treasurer from liability to the extent of the amount authorized to be deposited. Therefore, if the state treasurer does not comply with the depository act, he is personally liable to account for state funds even though deposited in good faith in a bank. On the basis of these contentions the plaintiff arrives at the conclusion, (1) that as to the amount deposited in the Capital City Bank in excess of its authorized capital and surplus, the defendant was liable as for a wrongful act of the treasurer pursuant to its undertaking; that it being alleged in the complaint and admitted by the demurrer that the state treasurer had actual knowledge of the insolvent condition of the Capital City Bank when the deposits were made, and that he allowed the state funds to remain in said state bank long after he had such knowledge; that by reason of such misconduct the defendant was liable upon its undertaking for the full amount of the deposit. The plaintiff bases its contention upon the rule of law that a creditor having the power to prefer one debtor to another may not select one of his debtors and compel him to bear the whole of a common burden which should be borne by those who are equally liable with him. The plaintiff concedes that, in order to enforce contributions against the defendant, the liability of the plaintiff and the defendant must be a common liability. It is true that if the liability be common it may be created by separate

instruments. *Rudolf v. Malone* (1899), 104 Wis. 470, 80 N. W. 743. Our inquiry in this case is therefore directed to ascertaining whether or not, under the facts, the liability sustained by the plaintiff and defendant was a common liability.

We perceive no basis upon which it can be claimed that the liability of sureties is common merely because ultimately the same fund will be restored or replenished. It is true, as contended by the plaintiff, that, had the sureties of the Capital City Bank failed to make good the loss due to the failure of the depository, the defendant would have been liable upon its undertaking to the extent at least of the excess deposit. As to that excess the state treasurer was not released from liability because he placed the money in the state depository, he having done so contrary to the provisions of the statute. However, the liability of the defendant under such circumstances would be a liability growing out of the failure of the treasurer to perform his duty as a public official. The liability of the plaintiff does not grow out of the failure of the state treasurer to perform his duty. It grows out of the failure of the Capital City Bank to repay moneys in its hands to the state treasurer. We are unable to see how these liabilities are common liabilities. Although they each look to the restoration of funds belonging in the hands of the state treasurer, the defendant's undertaking guarantees the state against loss by reason of the defaults of Solomon Levitan, state treasurer, and undertakes to make such loss good. The obligation of the plaintiff is that the Capital City Bank will pay on demand any moneys deposited with it to the state treasurer or his successor in office. These are two distinct liabilities. This is demonstrated by the fact that, had the defendant been required to restore the fund in question to the state treasury under its undertaking, it would have been subrogated to the right of the state to proceed against the sureties of the depository. If, as in this case, the sureties of

the depository make good, no liability arises on the undertaking given by the defendant.

As to the excess of the amount deposited, although the deposit was made under circumstances which did not exempt the state treasurer from liability under the provisions of sec. 14.46, Stats., the liability of the defendant, if any, with respect to that amount was the liability for the wrongful act of the treasurer. The liability of the plaintiff for that amount was not dependent upon a wrongful act of the treasurer. While as to the excess the liability of the plaintiff and defendant were equal in amount, they were liable on different grounds. The liability is therefore not a common liability.

*By the Court.*—Order affirmed.