[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals from the judgment entered by the Hamilton County Court of Common Pleas upon a jury verdict in favor of defendant-appellee, Karen Brockhoff, on State Farm's subrogation claim. State Farm advances a single assignment of error in support of this timely appeal. Because we find the assignment to be without merit, we affirm the judgment of the court below.
Brockhoff was in an automobile accident in which the other driver, Tamara Morgan, was injured. Morgan was insured by State Farm, which paid Morgan for her injuries pursuant to her automobile insurance policy. State Farm then sued Brockhoff under a claimed right of subrogation. The case, which involved issues of liability, damages and subrogation, was tried to a jury. The jury rendered a general verdict in favor of Brockhoff.
In its assignment of error, State Farm urges that the lower court abused its discretion by refusing to admit evidence of the amount that it had paid Morgan pursuant to her policy. State Farm correctly notes that payment is generally an element of a claim for subrogation. See Isbell v. Kaiser Foundation HealthPlan (1993), 85 Ohio App.3d 313, 619 N.E.2d 1055, citingAetna Cas. Sur. Co. v. Hensgen (1970), 22 Ohio St.2d 83,258 N.E.2d 237; see, also, General Cas. Ins. Co. v.Skiff (June 20, 1927), Hamilton App. No. 3025, unreported (payment of a debt for which someone else is liable is touchstone of subrogation claim); accord Jones v. Remley (Ohio App. 1947), 75 N.E.2d 179; Maryland Cas. Co. v. Gough (1946),146 Ohio St. 305, 65 N.E.2d 858.
However, in this case, the only disputed issue was whether Brockhoff was at fault in the accident. The trial court permitted introduction of evidence of the damages sustained by Morgan and, with the agreement of State Farm, instructed the jury that the parties had stipulated to the fact that State Farm was subrogated to the claims of Morgan.
Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401; see Thompson v. Webb
(Dec. 23, 1999), Hamilton App. No. C-990027, unreported. Evidence that is not relevant is not admissible. Evid.R. 402; seeCincinnati v. Chavez Properties (1996), 117 Ohio App.3d 269,690 N.E.2d 561. In this case, evidence of State Farm's payment and the amount of that payment was irrelevant because it did not have a tendency to make the existence of any fact relating to the issue of whether Brockhoff was liable for the accident more probable or less probable than it would have been without the evidence. Therefore, the evidence was inadmissible.
Under these circumstances, we hold that there was no error in precluding State Farm from presenting evidence of the amount that it had paid to Morgan. Therefore, the judgment of the court of common pleas is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and GORMAN, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge